FILED'08 JAN 30 14:15USDC-ORM

FILED'08 JAN 29 08:37USDC-ORM

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

**JOHN R. POTTLE,**

        Plaintiff,

                                  Civ. 07-738-CL

**v.**

                         **REPORT AND RECOMMENDATION**

**Commissioner of Social Security,**
        Defendant.

_____

CLARKE, Magistrate Judge.

## BACKGROUND

Plaintiff, John R. Pottle (Pottle), brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits under Title II of the Social Security Act (the Act). 42 U.S.C. §§ 401-33, 1381-83f. This court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff initially filed applications for Title II and Title XVI benefits on March 14, 2001. (Tr. 32). The applications were denied initially and on reconsideration. (Id). Plaintiff appealed these determinations and was found disabled following a hearing by an Administrative Law Judge (ALJ). (Id.). The Appeals Counsel reviewed the decision, reversed the decision, and remanded for further proceedings. (Id.). Following a hearing, the ALJ found on January 12, 2004, that Plaintiff was able to perform work that existed in significant numbers in the national economy. (Tr. 30-42). The ALJ's decision was affirmed upon appeal to the District Court. That decision is currently on appeal to the Court of Appeals.

Plaintiff filed a second application for Title II benefits only on January 20, 2004, alleging disability beginning November 7, 2003, based on back and leg pain, depression, diabetes, emphysema, post traumatic stress disorder (PTSD), personality disorder, and attention deficit hyperactivity disorder (ADHD). (Tr. 106-08, 178). The application was denied initially and on reconsideration. (Tr. 47-51, 56-58). An ALJ held a de novo hearing on May 30, 2006, at which he heard testimony from three witnesses: Plaintiff, who was represented by counsel, Larry Hart, Ph..D., a medical expert, and Kathryn Heatherly, a vocational expert. (Tr. 634-703). During the hearing, the ALJ determined that a psychological examination of Plaintiff was needed. The ALJ held a second hearing on August 25, 2006, at which he heard testimony from three witnesses: Plaintiff, who was represented by counsel; John Crossen, Ph.D., a medical expert; and Russell Carter, a vocational expert. (Tr. 613-34). On October 17, 2006, the ALJ found that Plaintiff was able to perform work that existed in significant numbers in the national economy. (Tr. 10-26). Plaintiff requested administrative review (Tr. 5-7), but the Appeals Council declined (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner for purposes of judicial

REPORT AND RECOMMENDATION - 2

review.  20 C.F.R. § 422.210; *Sims v. Apfel*, 120 S. Ct. 2080, 2083 (2000).

## STATEMENT OF FACTS

Plaintiff was 45 years old at the time he was last insured for disability insurance benefits on December 31, 2004.  (Tr. 106, 121).  He obtained a high school education and had past relevant work as a housecleaner, janitor, cashier, service station attendant, prep cook, and sandwich maker.  (Tr. 147, 627).  Plaintiff last worked on March 6, 2001, when he was fired from his job as a service station attendant.  (Tr. 141).  Both parties adopt the facts and the summary of evidence in the ALJ's October 17, 2006 decision.

Pottle contends that he has met his burden under *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) and Acquiescence Ruling, AR 97-4(9) by proving changed circumstances indicating a greater degree of disability.  Defendant does not dispute this issue.

Plaintiff also contends that the ALJ erred by (1) improperly rejecting the opinions of Dr. Carmen Kendall, Crystal Schneider, Dr. Karen Bates-Smith, the Millon Interpretive Report, Edward Eaton, and Dr. James Bryan; (2) by failing to find Pottle's condition is not equivalent to a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, section 12.05C; (3) in assessing Pottle's Residual Functional Capacity (RFC) Assessment ; and, (4) relying on vocational expert testimony elicited with an incomplete hypothetical question.

The Commissioner denies each of Pottle's claims, and argues the ALJ's decision is reasonable, and supported by substantial evidence.

For the reasons set forth below, the Commissioner's decision should be AFFIRMED, and this case DISMISSED.

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert denied,* 517 U.S. 1122 (1996).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.  The

claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

At step one the ALJ found Pottle had not engaged in substantial gainful activity during the period from January 13, 2004 through his date last insured of December 31, 2004. ( Tr. 16).  20 C.F.R. § 404.1620(b).

At step two, the ALJ found Pottle had the following impairments which in combination were severe: degenerative disc disease of the lumbar spine status post L5 laminectomy; chronic obstructive pulmonary disease; a depressive disorder, not otherwise specified, a personality disorder, and polysubstance abuse. (*Id.)*; 20 C.F.R. § 404.1620(c).

At step three, the ALJ found that Pottle's impairments did not meet or equal the requirements of a listed impairment. (Tr. 16-20). 20 C.F.R. § 404.1620(d). The criteria for these listed impairments, also called Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).

The ALJ assessed Pottle with the residual functional capacity (RFC) to walk eight blocks on a level surface, stand one hour at a time, and sit one hour at a time, lift 20 pounds occasionally, lift 10 pounds frequently, push and/or pull up to 20 pounds,  occasionally bend, crawl, and climb stairs; avoid exposure to respiratory irritants including dusts, fumes, and odors, limited work involving one to three step tasks with  no public contact and  limited contact with co-workers and supervisors. (Tr. 20). Social Security Ruling (SSR) 83-10.

At step four, the ALJ found that Pottle was not able to perform his past relevant work. (Tr. 24). At step five, however, the ALJ found Pottle could perform other work existing in significant numbers in the national economy. (Tr. 25).

REPORT AND RECOMMENDATION - 5

## DISCUSSION

I.    <u>**The ALJ properly found that Pottle did not meet or equal Listing 12.05C.**</u>

Pottle argues his impairments, in combination, are equivalent to listed impairment 12.05C, or Mental Retardation. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. In order to be found disabled under this listing, a claimant must show (1) significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period (i.e. before age 22); (2) a valid, verbal, performance, or full scale IQ of 60 though 70; and (3) physical or other mental impairment imposing an additional and significant work-related limitation of function. *Id.*

The ALJ noted that Pottle's IQ met the listing requirement but beyond that, the record lacked evidence of deficits in adaptive functioning and Pottle had a history of semi-skilled work. (Tr. 19). Further, none of Pottle's physician's concluded that his impairments were equivalent to a listed impairment. The fact that Pottle attended special education classes by itself is not sufficient evidence that his alleged deficits in adaptive functioning manifested before age 22. The court also finds that Pottle's own self-reports regarding his grades, fights at school, and disciplinary difficulties are insufficient given that the ALJ found that Pottle's testimony was not credible as discussed further in this Report and Recommendation. More is needed to satisfy this burden, such as documentation from childhood medical records, school officials, or records from juvenile authorities. The ALJ properly determined that Pottle's impairments do not meet or equal a listed impairment.

II.    **RFC Assessment**

**A. Pottle's credibility**

The ALJ may not reject a claimant's testimony about the severity of his symptoms solely because it is not corroborated fully by objective medical findings. *Cotton v. Bowen*, 799 F.2d 1403, 1407-08 (9th Cir. 1986). The ALJ may reject the claimant's testimony regarding the severity of his symptoms only by providing clear and convincing reasons for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Smolen*, 80 F.3d at 1283. The ALJ's general assertion that a claimant is not credible is insufficient. The ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill,* 12 F.3d at 918.

If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *Cotton*, 799 F.2d at 1408.

The ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. *See Smolen*, 80 F.3d at 1284.

Throughout his opinion, the ALJ gave clear and convincing reasons for finding Pottle's allegations not credible and these reasons are supported by substantial evidence in the record. First, the ALJ found that Plaintiff's secondary gain motivation impacted his presentation to treatment providers and that his anger was exacerbated by the cessation of his benefits. (Tr. 21). The ALJ may properly consider Plaintiff's secondary gain motivation in determining credibility. (Tr. 21). *Tidwell v. Apfel*, 161 F.3d 599. 601 (9th Cir. 1998); *Matney ex rel Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).

Examples of such motivations include a comment to his counselor Edward Eaton, that "if he does not get back his SSI, he will go out and kill himself". (Tr. 347). Mr. Eaton stated that Plaintiff had a "large chip on his shoulder" regarding his denial of benefits. (Tr. 348).

The ALJ found that counseling records indicated that Plaintiff was able to control his anger but chose not to do so. (Tr. 21). Mr. Eaton wrote on September 30, 2004, that Plaintiff "refuses to change his views on his anger. He knows his anger is a problem, but appears to have the attitude that he does not care". (Tr. 348). Mr. Eaton wrote that Plaintiff "insists that he will not change his behavior". (*Id.*). In October 2004, Mr. Eaton found that Plaintiff still refused to change his behavior . (*Id.*). Karen Bates-Smith, Ph.D. found "there may have been a bias toward overstating his case" and "[h]e is significantly concerned about obtaining benefits to which he feels entitled". (Tr. 22, 555).

The ALJ properly discounted Plaintiff's subjective complaints of disability because he failed to follow through with recommended treatment and medication. (Tr. 21). *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Susan Snow, M.D., prescribed medication for anger control issues in December 2001, but Plaintiff discontinued taking the medication, alleging

REPORT AND RECOMMENDATION - 8

that they did not work. (Tr. 204, 235). Plaintiff reported in April 2004, that he had not taken

medication in years because it had no effect. (Tr. 257). Medical records from his hospitalization

in early January 2006, indicated a positive response to lithium. (Tr. 501). Shortly after that

discharge, treatment notes from Carmen Kendall, M.D., indicated that Plaintiff had discontinued

taking his medications because they were at his wife's house, which he was not permitted to

enter. (Tr. 501). Plaintiff explained that he was to go to the house to get them with a police

escort that coming week, but by the hearing in March 2006, he still had not done so. (Tr. 501,

601).

The ALJ properly discounted Plaintiff's subjective complaints because of inconsistencies

and the embellishment of his symptoms. (Tr. 21). SSR 96-7p, available at 1996 WL 374186, at

*5; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff reported to James

Bryan, Ph.D., that during an encounter with a homosexual, he had slammed a man against a tree

so hard that the man fell to the ground. (Tr. 21, 231). In describing the same incident to his

counselor, he reported that he had simply elbowed the man once and left. (Tr. 22, 219). Dr.

Bates-Smith stated that "there is some degree of exaggeration of symptoms during the

examination, both in terms of dramatic quality to Mr. Pottle's presentation, and on the MMPI-2

which was deemed invalid and uninterpretable". (Tr. 568).

Plaintiff was also inconsistent with regard to reports of his substance abuse. (Tr. 22).

This is a proper reason for the ALJ to discount plaintiff's testimony. *Verduzco v. Apfel*, 188 F.3d

1087, 1090 (9th Cir. 1999). In November 2005, Plaintiff reported that he had not used alcohol

since 2000. (Tr. 363). Then in March 2004, he reported he had not used alcohol since 1993.

(Tr. 353). In July 2003, Plaintiff stated that he had not used alcohol in two years. (Tr. 236).

**B.    The ALJ properly evaluated the medical evidence**

The ALJ is not required to find a physician's opinion conclusive as to a physical

condition or even as to the ultimate issue of disability. *Morgan v. Comm'r of Soc. Sec. Admin.*,

169 F.3d 595, 600 (th Cir. 1999). The ALJ is not bound to a physician's opinion of Plaintiff's

disability or Plaintiff's employability, because these are issues reserved to the Commissioner. 20

C.F.R. § 404.1527(e); SSR 96-5p at *2. A physician's opinion of disability is not a legal opinion

establishing disability under the Social Security Act because that finding involves a medical and

vocational component. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

The relative weight given to the opinion of a physician depends on the physician's

opportunity to observe and to get to know the patient as an individual. *Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of

an examining physician, and a non-examining physician's opinion receives the least weight. *Id.*;

*See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide specific and

legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of a

claimant's physician that is contradicted by the opinions of other physicians. *Lester*, 81 F.3d at

830.

**1.    Dr. Carmen Kendall**

The ALJ gave little weight to the opinion of treating physician Carmen Kendall that

Pottle could not sustain full-time employment due to mental impairments. (Tr. 23). The ALJ

found that the medical records showed that Dr. Kendall had seen Pottle only four times between

October 7, 2005 and January 11, 2006 when she gave her opinion, that her opinion was not

relevant to the period at issue, and her opinion was inconsistent with her treatment records which

showed Pottle demonstrated appropriate behavior. (Tr. 23, 501-516, 551-552). The ALJ also

found that Dr. Kendall's opinion was based upon Pottle's inaccurate self-reporting. (Tr. 23). The

ALJ noted that while Dr. Kendall did not see any evidence of exaggeration on the part of Pottle,

the record contains evidence that Pottle does exaggerate his symptoms.  (Tr. 23).

The court rules that the ALJ did not have to consider Dr. Kendall's opinion as it is outside

the time period under consideration.  In the alternative, the court rules that the ALJ gave specific,

legitimate reasons supported by substantial evidence for rejecting Dr. Kendall's opinion.

### 2.    Dr. Karen Bates-Smith

Dr. Bates-Smith assessed Pottle with moderate to marked levels of severity in interacting

appropriately with the public, supervisors and co-workers. (Tr. 571).  She found he had

moderate limitations in responding appropriately to work pressures in a usual work setting and

slight limitations in responding appropriately to changes in a routine work setting.  (Id.).  The

ALJ did not discount Dr. Bates-Smith's opinion.  He clearly found that Pottle would have

moderate to marked difficulties in maintaining social functioning.  (Tr. 19).  The ALJ took these

limitations into account when assessing Pottle's RFC finding that he was "limited to work

involving one- to three-step tasks with no public contact and limited interaction with co-workers

and supervisors.  (Tr. 20).  The ALJ did not improperly discount Dr. Bates-Smith's opinion as

much of the plaintiff's anger issues are based upon exaggerated self-reports, plaintiff's refusal to

change his behavior, and plaintiff's non-compliance with taking his prescribed medications as

discussed in the ALJ's credibility determination.

### 3.    Dr. James Bryan

The ALJ gave little weight to Dr. Bryan's opinion that Pottle could not maintain long-term employment. (Tr. 23). The ALJ found that Dr. Bryan's assessment was based primarily on a diagnosis of mixed personality disorder which is a long-term condition and the medical records as a whole did not support such diagnosis. (Tr. 23-24). The ALJ noted that Dr. Bryan's opinion conflicted with the opinions of other physicians and that Dr. Bryan did not have the benefit of later medical records which suggested a volitional component to Pottle's inability to control his anger. (Id.). The ALJ found that Pottle exaggerated his history of aggressive behavior with Dr. Bryan. (Tr. 23.). The ALJ gave specific, legitimate reasons supported by substantial evidence for discounting Dr. Bryan's opinion.

### 4.    Millon Interpretive Report

The Millon Interpretive Report was administered on January 5, 2006. (Tr. 538). This is outside the time period at issue. Therefore, the ALJ was not required to address this report.

### C.    The ALJ properly evaluated lay witness testimony

The ALJ must account for lay witness testimony and provide germane reasons for rejecting it. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). However, the ALJ is not required to discuss non-probative evidence. See Vincent ex. rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Counselors are not considered acceptable medical sources, and, therefore, the ALJ only need give germane reasons for discounting there opinions. 20 C.F.R. § 404.1513; *Bayliss v. Barnhart,* 427 F.3d 1211,1218 (9th Cir. 2005).

### 1.    Crystal Schneider

The ALJ gave little weight to the opinion of Mrs Schneider. The ALJ found that Mrs

Schneider had only been treating Pottle since November 2005 and that her opinion had little

bearing on the period at issue. (Tr. 23). The ALJ also stated that medical records showed that

Pottle's condition improved with treatment with lithium. (Id.). Finally, the ALJ found that the

medical records did not document decomposition of extended duration during the period at issue.

(Id.). The ALJ gave germane reasons for discounting Mrs Schneider's opinion.

### 2.    Edward Eaton

The ALJ gave little weight to Mr. Eaton's opinion, finding that Pottle's self-reports were

exaggerated, Pottle had a large chip on his shoulder, Mr. Eaton's opinion was inconsistent with

his estimated GAF score of 61-70, and Mr. Eaton had only been treating Pottle since August 24,

2006 when he gave his opinion. (Id.). The ALJ gave germane reasons for rejecting Mr. Eaton's

opinion.

The RFC contains the functional limitations the ALJ found were supported by substantial

evidence. The ALJ is not required to include limitations in an RFC he found neither credible nor

supported by the record. *Bayliss*, 427 F.3d at 1217.

### III.    The ALJ's step five determination was based on substantial evidence.

Pottle contends that the ALJ's hypothetical question posed to the vocational expert (VE)

lacked specificity producing a response that was not based upon substantial evidence.

At step five of the sequential evaluation, the Commissioner must show that the claimant

can do other work which exists in the national economy. *Andrews v. Shalala*, 53 F.3d at 1043.

The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical

question that sets forth all the limitations of the claimant.  *Id.*  The assumptions in the

hypothetical question must be supported by substantial evidence.  *Id.*

In his hypothetical question, the ALJ asked the VE to consider an individual the same age

as Pottle, with the same educational and work background.  Tr. 628.  He limited this individual to

lifting and carrying 20 pounds occasionally and 10 pounds frequently; the need to sit or stand at

will; only occasional use of stairs and only occasional bending or crouching; and avoid exposure

to dust, fumes and gases.  (Id.).  The ALJ further specified that the hypothetical individual should

be limited to simple, one-two-three-step work, and should not come into contact with the public,

limited contact with co-workers and supervisors, and he has an explosive temper and does not

relate well to supervisors, fellow co-workers and the general public.  (Id.).

The court  finds this hypothetical question to be sufficient.  The ALJ properly credited the

limitations that were supported by substantial evidence in the record, and discredited limitations

alleged, but not supported by the record.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th

Cir. 2001)(the ALJ is free to accept or reject restrictions that are not supported by substantial

evidence).

In response, the VE testified that this hypothetical individual would be capable of

working in bench assembly, sorter, hand packager.  (Tr. 630).  The VE stated that these jobs

existed in significant numbers in the national economy.  (Id.).  The ALJ properly adopted the

VE's testimony, and concluded that Pottle was not disabled within the meaning of the Act.  Tr.

25.

## RECOMMENDATION

Based on the foregoing, the Commissioner's final decision should be AFFIRMED and this case DISMISSED.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on   February  12, 2008.  If objections are filed, any responses to the objections are due 14 days after the objections are filed*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this _____ day of January, 2008.

_____
Honorable Mark D. Clarke
U.S.  Magistrate Judge